*STATE, FOR USE OF, ETC. V. FRANK COTTLE, ADMR., ET AL.

SURETIES OF PUBLIC OFFICIAL NOT LIABLE FOR MALFEASANCE OF DUTIES NOT LEGALLY HIS.

The sureties on the bond of a clerk of a board of education are not liable for his appropriation of moneys that have come to him while such clerk but the collection of which legally devolved upon the treasurer of the board.

[For other cases in point, see 2 Cyc. Dig., "Bonds," §§ 503-520; 7 Cyc. Dig., "Schools and School Districts," §§ 197-205.—Ed.]

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

C. J. Hunt, city solicitor, for plaintiff in error.

F. F. Dinsmore and Harrison & Aston, for defendants in error.

JELKE, J.

The rule adopted by the board of education on May 31, 1887, was without authority and contrary to law. Hence it was beyond the pale of George R. Griffiths' official duties to receive the money as alleged in the petition.

We do not think this is a case of acts done *colore officii* because there were no other similar acts pertaining to his office prescribed by law.

It is different in this respect from levies made by constables and sheriffs on strangers' goods.

The contention made by Mr. Waite that there was a breach of duty in failing to order the person paying the money to pay the same to the treasurer, is entitled to some weight. There are two objections to this:

First. There was confusion created by the unlawful rule of May 31, 1887, made by the board, the relator herein, and

Second. This did not cause the loss; the loss was made by Griffiths' unlawfully appropriating the money to his own use after it had improperly come into his hands.

Applying the principles *strictissimi juris* shielding sureties we think the court below did right in sustaining the demurrer to the third amended petition against said sureties.

Judgment affirmed.

Swing and Giffen, JJ., concur.

*Affirming *State* v. *Cottle*, 17 Dec. 108; affirmed, *State* v. *Griffith*, 74 Ohio St. 80.